UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARNELL BRIDGES,

Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

Defendant.

Civil Action No.: 18-10520
Honorable Terrence G. Berg
Magistrate Judge Elizabeth A. Stafford

_____/

**REPORT AND RECOMMENDATION ON CROSS-
MOTIONS FOR SUMMARY JUDGMENT [ECF. NOS. 15, 22]**

Plaintiff Darnell Bridges appeals a final decision of defendant

Commissioner of Social Security (Commissioner) denying his applications

for disability insurance benefits (DIB) and supplemental social security

income benefits (SSI) under the Social Security Act.  Both parties have filed

summary judgment motions, referred to this Court for a report and

recommendation under 28 U.S.C. § 636(b)(1)(B).  After review of the

record, the Court **RECOMMENDS** that:

- Bridges' motion [ECF No. 15] be **DENIED**;

- the Commissioner's motion [ECF No. 22] be **GRANTED**; and

- the Commissioner's decision be **AFFIRMED** under sentence four

of 42 U.S.C. § 405(g).

## I.   BACKGROUND

### A.   Bridges' Background and Disability Applications

Born August 25, 1960, Bridges was 54 years old when he submitted his applications for disability benefits in October 2014.  [ECF No. 9-5, Tr. 144, 151].  He has a tenth-grade education and past work experience as a motor vehicle assembler.  [ECF No. 9-2, Tr. 18; ECF No. 9-6, Tr. 177]. Bridges alleges a disability onset date of September 22, 2014, and that he is disabled by type two diabetes, diabetic peripheral neuropathy, carpal tunnel, high blood pressure, high cholesterol glaucoma, diabetic retinopathy and cataracts.  [ECF No. 9-2, Tr. 13; ECF No. 9-6, Tr. 176].

After the Commissioner denied both disability applications initially, Bridges requested a hearing, which took place in December 2016, during which he and a vocational expert (VE) testified.  [ECF No. 9-2, Tr. 24-56]. In a March 30, 2017 written decision, the ALJ found Bridges to be not disabled.  [*Id.*, Tr. 8-23].  The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner, and Bridges timely filed for judicial review.  [*Id.*, Tr. 1-5; ECF No. 1].

### B.     The ALJ's Application of the Disability Framework Analysis

A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps.  First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).[1]  Second, if the claimant has not had a severe impairment or a combination of such impairments[2] for a continuous period of at least 12 months, no disability will be found.  *Id.*  Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled.  *Id.*  If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity and will find the claimant not disabled if he or she can still do past relevant

---

[1] Sections 1520(a)(4) and 920(a)(4), which pertain to DIB and SSI respectively, list the same five-step analysis.

[2] A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities."  § 1520(c); § 920(c).

3

work.  *Id.*  At the final step, the Commissioner reviews the claimant's RFC,

age, education and work experiences, and determines whether the

claimant could adjust to other work.  *Id.*  The claimant bears the burden of

proof throughout the first four steps, but the burden shifts to the

Commissioner if the fifth step is reached.  *Preslar v. Sec'y of Health &

Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Applying this framework, the ALJ concluded that Bridges was not

disabled.  At the first step, he found that Bridges had not engaged in

substantial gainful activity since his alleged onset date.  [ECF No. 9-2, Tr.

13].  At the second step, he found that Bridges had the following severe

impairments: "diabetes mellitus, glaucoma, cataracts, bilateral carpal tunnel

syndrome, degenerative joint disease, and obesity."  [*Id.*].  Next, the ALJ

concluded that none of his impairments, either alone or in combination, met

or medically equaled the severity of a listed impairment.  [*Id.*, Tr. 14-15].

Between the third and fourth steps, the ALJ found that Bridges had

the RFC to perform medium work[3] except he:

> [C]an frequently push and pull with the right (dominant) upper
> extremity; never climb ladders, ropes, or scaffolds; can
> occasionally climb ramps and stairs; can occasionally balance,

---

[3] "Medium work involves lifting no more than 50 pounds at a time with
frequent lifting or carrying of objects weighing up to 25 pounds. If someone
can do medium work, we determine that he or she can also do sedentary
and light work." 20 C.F.R. §§ 404.1567(c) and 416.967(c).

stoop, crouch, kneel, and crawl, and can frequently handle, finger, and feel objects with the bilateral upper extremities; must avoid all exposure to vibration; must avoid even moderate use of hazardous, moving machinery; must avoid all exposure to unprotected heights; and is limited to jobs not requiring complex written or verbal communication.

[*Id.*, Tr. 15]. At step four, the ALJ found that Bridges could perform past relevant work as a motor vehicle assembler, thus rendering a finding that he was not disabled. [*Id.*, Tr. 18].

## II.    ANALYSIS

### A.

Under § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made in conformity with proper legal standards. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks and citation omitted). Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence. *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

Bridges argues that the ALJ erred in relying on the opinion of the state agency medical consultant, Donald H. Kuiper, M.D., and in finding that Bridges could do past relevant work that was part of a "composite job." The Court disagrees and recommends affirming the ALJ's decision.

**B.**

The ALJ gave great weight to Dr. Kuiper's opinion, which stated that Bridges could perform medium work with some additional restrictions. [ECF No. 9-2, Tr. 18, citing ECF No. 9-3, Tr. 63-65]. The ALJ found Dr. Kuiper's assessment to be consistent with the record but added more restrictions to the RFC based on Bridges' carpal tunnel syndrome, difficulty balancing, glaucoma and cataracts. [*Id.*]. Importantly, Dr. Kuiper assessed Bridges as capable of medium work, which requires the ability to lift up to 50 pounds at a time and frequent lifting of up to 25 pounds. 20 C.F.R. §§ 404.1567(c) and 416.967(c). [*Id.*]. As Bridges notes, Dr. Kuiper's assessment is inconsistent with the findings of consultative and examining physician Samiullah H. Sayyid, M.D. [ECF No. 9-7, Tr. 303-09].

Dr. Sayyid found that Bridges was morbidly obese, had bilateral diminished breath sounds, had reduced deep tendon reflexes in the upper extremities and none in the lower extremities, was unable to do rapid alternating hand movements or heel-to-shin testing for coordination, and

6

had normal stance and posture but an undulating wobbling gait due to obesity.  [ECF No. 9-7, Tr. 304].  He was also unable to squat and unable to walk on heels and toes.  [*Id.*].  Dr. Sayyid's impression was of diabetes mellitus, type 2; neuropathy; retinopathy; glaucoma; cataracts; hypertension; hypercholesterolemia; carpal tunnel syndrome on the right; and obesity.  [*Id.*].

As to functional limitations, Dr. Sayyid found that Bridges could do almost all of the listed current abilities, including sitting, standing, bending, stooping, carrying, pushing, and pulling, but was unable to squat or arise from squatting, and failed heel to shin and adiadochokinesis testing.  [*Id.*, Tr. 306].  Of greatest relevance for Bridges' argument, there is a note about his carrying and pushing abilities that is, as Bridges states, "less than perfectly legible" [ECF No. 15, PageID.589]:

1.   CURRENT ABILITIES – Based on your objective examination, can the patient:

|  | Yes | No | Comments |
|---|---|---|---|
| Sit | ✓ | | |
| Stand | ✓ | | |
| Bend | | ✓ | |
| Stoop | ✓ | | |
| Carry | | ✓ | |
| Push | ✓ | | |
| Pull | ✓ | | |

[ECF No. 9-7, Tr. 306].  Dr. Kuiper interpreted this note as suggesting Bridges "can lift up to 40 lbs."  [ECF No. 9-3, Tr. 60].  But Bridges suggests

that it might read "<10 lbs.," as in, limited to lifting less than ten pounds. [ECF No. 15, PageID.589].

Bridges argument that this possible misreading requires remand is unconvincing.  Dr. Kuiper reviewed the entire record up to the date of his opinion, including the entirety of Dr. Sayyid's examination notes, which indicated no motor or sensory deficits, no limitation of movement in the spine, and normal joint functions, dexterity and grip.  [ECF No. 9-3, Tr. 60, citing ECF No. 9-7, Tr. 304].  The ALJ also noted that Dr. Sayyid made no other mention of weakness or fatigue.  [ECF No. 9-2, Tr. 16, citing ECF No. 9-7, Tr. 304].  And Bridges fails to point to a single supporting piece of evidence for a limitation to lifting ten, or even forty, pounds.

Bridges also argues that if Dr. Sayyid did limit Bridges to lifting up to forty pounds, this would still invalidate Dr. Kuiper's finding that he could lift up to fifty.  While "[a]s a general matter, an opinion from a medical source who has examined a claimant is given more weight than that from a source who has not performed an examination," *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 375 (6th Cir. 2013), that is not a hard and fast rule.  Rather, "'[i]n appropriate circumstances, opinions from State agency medical … consultants … may be entitled to greater weight than the opinions of treating or examining sources.'" *Blakley v. Comm'r Of Soc. Sec.*, 581 F.3d

8

399, 409 (6th Cir. 2009) (quoting Soc. Sec. Rul. 96–6p, 1996 WL 374180, at *3 (July 2, 1996)); *see also Hoskins v. Comm'r of Soc. Sec.*, 106 F. App'x 412, 415 (6th Cir. 2004) ("State agency medical consultants are considered experts and their opinions may be entitled to greater weight if their opinions are supported by the evidence.").

Dr. Kuiper found that Bridges could lift or carry up to fifty pounds, but that his ability to push and pull was limited in the upper extremities and on the right, noting Bridges' recent complaints of pain and mild degenerative changes at the first carpometacarpal joint from an x-ray.  [ECF No. 9-3, Tr. 63].  The ALJ gave great weight to Dr. Kuiper's opinion, finding his limitations consistent with the record as a whole and noting his decreased ability to change position, to grip with the right hand, and to respond to hazards in a timely manner, as well as "the reasonable fatiguing effects of his medications."  [ECF No. 9-2, Tr. 18].  Other than the one partially legible note from Dr. Sayyid reflecting an ability to lift either ten or forty pounds, Bridges has shown no evidence that he should be limited to less than the RFC, which is his burden.  *Preslar*, 14 F.3d at 1110.

## C.

Bridges' second argument is that the ALJ erred in finding he could do past relevant work because the prior position in question was not properly

recognized as a "composite job."  Under Social Security regulations,

"composite jobs have significant elements of two or more occupations and,

as such, have no counterpart in the DOT.  Such situations will be evaluated

according to the particular facts of each individual case."  SSR 82-61

(S.S.A. 1982).  According to the Program Operations Manual System

(POMS), a non-binding but still persuasive internal handbook,

"[a] composite job will not have a DOT counterpart, so do not evaluate it at

the part of step 4 considering work 'as generally performed in the national

economy.'"  *Taylor v. Berryhill*, No. CV 17-11444, 2018 WL 3887521, at *7

(E.D. Mich. July 5, 2018), *adopted*, 2018 WL 3870066 (E.D. Mich. Aug. 15,

2018), citing POMS § DI 25005.020.  An ALJ "may not deem a claimant

capable of performing past relevant work by dividing the demand of a

composite job into separate jobs and finding him capable of performing the

less demanding of the two jobs." *Hansen v. Comm'r of Soc. Sec.*, No. 13-

13348, 2014 WL 5307133, at *8 (E.D. Mich. Oct. 16, 2014).

Bridges alleges that the ALJ erred by finding him capable of past

work as a motor vehicle assembler despite his testimony that he was "a

laborer and a fork truck driver"; that he was "an off and on fork truck driver";

and that "[i]f someone didn't come in [while he was working as an

assembler, he] drove for them."  [ECF No. 9-2, Tr. 18, 31, 51].  The

10

Commissioner argues that Bridges has not fully met his burden of showing that this was a composite job.  The regulations require composite jobs to have "significant elements" of two occupations, SSR 82-61, and it is not clear that occasionally filling in as a fork truck driver was a significant element of his assembly work.

Regardless of the merits of Bridges' composite job argument, the Court must reject it because he did not raise it during the hearing or at any point before the ALJ's decision.  After listening to Bridges' testimony as cited above, the ALJ stated to Bridges' attorney, "I found we have two positions of past relevant work.  Those are the positions of assembler and Hilo driver.  As [the VE] had assessed initially, there is a change.  The assembler position was performed at the heavy level.  Any objections?" [ECF No. 9-2, Tr. 52].  Bridges' attorney responded, "No, Judge." [*Id.*].

The ALJ then presented the VE with a hypothetical RFC consistent with the RFC set forth in the decision.  [ECF No. 10-3, Tr. 52-53].  The VE testified that a claimant with that RFC could not perform his past work but could perform the assembler position under the DOT.  [*Id.*, Tr. 53].  After this, the ALJ asked Bridges' attorney whether he had any questions for the VE and whether he would like to say anything for closing argument that he did not cover in his brief.  [*Id.*, Tr. 55].  He responded in the negative to

11

each question.  [*Id.*].  At no time did Bridge's challenge the ALJ's conclusion that he had two positions of past relevant work or the VE's testimony that he was capable of performing the assembler position.

Case law in the Sixth Circuit indicates that objections at step four to the characterization of a claimant's past relevant work or to VE testimony must be made at the hearing or at some point before the ALJ's decision in order to be later argued before the court.  *See Wright-Hines v. Comm'r of Soc. Sec.*, 597 F.3d 392, 396 (6th Cir. 2010), *Taylor v. Berryhill*, 2018 WL 3887521, at *8, *Stevens v. Comm'r of Soc. Sec.*, No. 2:14-CV-2186, 2016 WL 692546, at *11 (S.D. Ohio Feb. 22, 2016) (collecting cases), *adopted,* 2016 WL 1156518 (S.D. Ohio Mar. 24, 2016).  Cases have also found waiver in specific regards to the issue of a composite job.  *See*, *e.g.*, *Gillman v. Comm'r of Soc. Sec.*, No. 2:16-CV-00731, 2017 WL 4296313, at *5 (S.D. Ohio Sept. 28, 2017).

Bridges responds that the cases cited by the Commissioner are distinguishable because "the facts [were] not sufficiently fleshed out to permit findings to be made" in those cases, but they are here.  [ECF No. 23, PageID.639].  But the findings of waiver in the cited cases did not hinge on the facts underlying the plaintiff's claim; they hinged only on the failure to raise the objections before the ALJ.  Bridges failed to object that he had

a composite job or to the VE's testimony before the ALJ, so he waived that argument.

## III.  CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that Bridges' motion for summary judgment [ECF No. 15] be **DENIED**; that the Commissioner's motion [ECF No. 22] be **GRANTED**; and the ALJ's decision be **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

s/Elizabeth A. Stafford<br>ELIZABETH A. STAFFORD<br>United States Magistrate Judge

Dated: February 1, 2019

## <u>NOTICE TO THE PARTIES REGARDING OBJECTIONS</u>

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation.  *Willis v. Secretary of*

*HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.