# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DARNELL BRIDGES,

          Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

          Defendant.

Case No. 18-10520
Hon. Terrence G. Berg

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on Magistrate Judge Elizabeth A. Stafford's February 1, 2019 Report and Recommendation (ECF No. 24). Magistrate Judge Stafford recommends that Plaintiff's motion for summary judgment be denied, that Defendant's motion for summary judgment be granted, and that the findings and conclusions of the Commissioner be affirmed.

The Court has reviewed Magistrate Judge Stafford's report and recommendation, and Plaintiff's objections thereto. Defendant filed its Reply seven days late, on March 7, 2019, along with its Motion for Extension of Time. For the reasons set forth below, Plaintiff's objection is **OVERRULED**, and the report and recommendation is **ACCEPTED** and **ADOPTED** as the Court's findings of fact and conclusions of law. Consequently, the decision of the Commissioner

denying Plaintiff's claims for disability insurance benefits and supplemental social security income benefits is **AFFIRMED**. Defendant's Motion for Extension of Time to File Reply to Objection is **GRANTED.**

Plaintiff filed a timely objection to Magistrate Judge Stafford's February 1, 2019 Report and Recommendation. ECF No. 25. This Court reviews *de novo* parts of a report and recommendation to which a party objects. *Bass v. McMahon*, 499 F.3d 509 (6th Cir. 2007). In conducting that *de novo* review, "[a] judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id*. After careful analysis of the record, including Plaintiff's objection, the Court concludes Plaintiff's objection does not warrant reaching a conclusion contrary to the Administrative Law Judge (ALJ) or the Magistrate Judge's Report and Recommendation.

a. **Legal Standard**

The Social Security Act (the Act) "entitles benefits to certain claimants who, by virtue of a medically determinable physical or mental impairment of at least a year's expected duration, cannot engage in 'substantial gainful activity.'" *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) (en banc) (quoting 42 U.S.C.

§ 423(d)(1)(A)). A claimant qualifies as disabled "if she cannot, in light of her age, education, and work experience, 'engage in any other kind of substantial gainful work which exists in the national economy.'" *Id*.

An ALJ is tasked with assessing whether an individual is disabled under the Act. The ALJ makes that assessment in accordance with a five-step sequential evaluation process established by the Social Security Administration (SSA). *See* 20 C.F.R. § 404.1520(a)(4). The five steps are as follows:

> In step one, the SSA identifies claimants who "are doing substantial gainful activity" and concludes that these claimants are not disabled. [20 C.F.R.] § 404.1520(a)(4)(i).
>
> [...A]t step two [the SSA] considers the "medical severity" of claimants' impairments, particularly whether such impairments have lasted or will last for at least twelve months. *Id*. § 404.1520(a)(4)(ii). Claimants with impairments of insufficient duration are not disabled. *See id*. Those with impairments that have lasted or will last at least twelve months proceed to step three.
>
> At step three, the SSA examines the severity of claimants' impairments but with a view not solely to their duration but also to the degree of affliction imposed. *Id*. § 404.1520(a)(4)(iii). Claimants are conclusively presumed to be disabled if they suffer from an infirmity that appears on the SSA's special list of impairments, or that is at least equal in severity to those listed. *Id*. § 404.1520(a)(4)(iii), (d). The list identifies and defines impairments that are of sufficient severity as to prevent any gainful activity. *See Sullivan v. Zebley*, 493 U.S. 521, 532 (1990). A person with such an impairment or an equivalent, consequently, necessarily satisfies the statutory definition of disability. For such claimants, the

3

process ends at step three. Claimants with lesser impairments proceed to step four.

In the fourth step, the SSA evaluates claimant's "residual functional capacity," defined as "the most [the claimant] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1). Claimants whose residual functional capacity permits them to perform their "past relevant work" are not disabled. *Id.* § 404.1520(a)(4)(iv), (f). "Past relevant work" is defined as work claimants have done within the past fifteen years that is "substantial gainful activity" and that lasted long enough for the claimant to learn to do it. *Id.* § 404.1560(b)(1). Claimants who can still do their past relevant work are not disabled.

[ ]Those who cannot do their past relevant work proceed to the fifth step, in which the SSA determines whether claimants, in light of their residual functional capacity, age, education, and work experience, can perform "substantial gainful activity" other than their past relevant work. *See id.* § 404.1520(a)(4)(v), (g)(1). Claimants who can perform such work are not disabled. See id.; § 404.1560(c)(1).

*Combs*, 459 F.3d at 642–43.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). If the analysis reaches the fifth step, the burden transfers to the Commissioner. *See Combs*, 459 F.3d at 643. At that point, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given her RFC and considering relevant vocational factors."

4

*Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); 20 C.F.R. §§ 416.920(a)(4)(v) and (g). If the ALJ determines that the claimant could in fact perform work appropriate for her RFC and vocational factors, the Commissioner will conclude that the claimant is not disabled. If, however, the ALJ finds there are no jobs that meet the claimant's needs, the Commissioner will consider her disabled.

In cases where the SSA's Appeals Council denies review, the ALJ's decision stands as the Commissioner's final decision. *See* 20 C.F.R. § 404.981. Limited judicial review of the Commissioner's disability determination by a federal district court is permitted under 42 U.S.C. § 405(g). The scope of that judicial review is circumscribed in that the reviewing district court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005).

Substantial evidence is "such relevant evidence as a reasonable mind might accept to support the ALJ's conclusion." *Bass*, 499 F.3d at 509 (quotation marks omitted). This substantial evidence standard is less exacting than the preponderance of evidence standard. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) ("Substantial evidence is . . . more than a scintilla of evidence but

less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."). Satisfying the substantial evidence standard does not require finding that a decision for the other party would be unreasonable. Instead, if the ALJ's decision is supported by substantial evidence, "then reversal would not be warranted *even if substantial evidence would support the opposite conclusion.*" *Bass*, 499 F.3d at 509 (emphasis added).

**b. Analysis**

Plaintiff's only objection to the Report and Recommendation is that Magistrate Judge Stafford "erred in disregarding a potentially misread limitation for a consultative examiner, in the process ignoring the fact that this misreading was relied upon [by] the medical consultant upon whose opinions the ALJ ultimately relied." ECF No. 25. Specifically, Plaintiff's objection relates to how to interpret a single line of barely legible hand-written notes contained in the medical records of consultative and examining physician, Dr. Samiullah H. Sayyid, MD. Those hand-written notes are reproduced below:

| CURRENT ABILITIES – Based on your objective examination, can the patient: | | | |
|---|---|---|---|
| | Yes | No | Comments |
| Sit | ✓ | | |
| Stand | | | |
| Bend | ✓ | | {unable} |
| Stoop | | | |
| Carry | ✓ | | {40lbs} |
| Push | ✓ | | |
| Pull | ✓ | | |
| Button Clothes | ✓ | | |
| Tie Shoes | | | |

Plaintiff's Objection to Report and Recommendation, ECF No. 25 PageID.661.

Dr. Donald H. Kuiper, MD, a state agency medical consultant, prepared a detailed Disability Determination Explanation that summarized all of the medical evidence in the record. ECF No. 9-3 PageID.85-107, including the medical records of Dr. Sayyid.

In his report, Dr. Kuiper interpreted Dr. Sayyid's hand-written note on the line-entry for "Carry" to "suggest" that Plaintiff could lift up to "40 lbs." In contrast, Plaintiff suggests that this hand-written note could reasonably be read to say: "< 10 lbs" (less than 10 pounds). Based on the possibility of this alternative interpretation, Plaintiff requests remand to the ALJ for "clarification" of the hand-written note. *Id.* at PageID.662.

From his review of all the medical records, Dr. Kuiper ultimately concluded that Plaintiff is capable of "medium work." The ALJ relied on this report in reaching his conclusion. Medium work requires the ability to lift up to 50 pounds at a time, with frequent

7

lifting of up to 25 pounds. 20 C.F.R. §§ 404.1567(c), 416.967(c). Plaintiff objects to the "medium work" conclusion because, under his "<10 lbs" interpretation of Sayyid's notes—or even under Dr. Kuiper's "40 lbs" reading of them—they would not support qualification to do "medium work" requiring lifting up to 50 pounds.

The Court finds reversal of the ALJ's decision is not warranted because even if Plaintiff's interpretation were correct, there is still substantial evidence supporting the ALJ's decision in the Commissioner's favor. Therefore, Plaintiff's objection does not warrant reaching a conclusion contrary to the ALJ or the Magistrate Judge's Report and Recommendation.[1]

Setting aside the issue of the illegible note, Plaintiff does not contest that Dr. Kuiper's assessment of Plaintiff's abilities was consistent with the record. The record shows that Dr. Kuiper considered all of Plaintiff's medical records in preparing his report. *See* ECF No. 9-2 Page ID.86–87. And there is no indication his interpretation of Dr. Sayyid's hand-written note was dispositive of his conclusion that Plaintiff could perform "medium work."

---

[1] Although Plaintiff does not allege that the ALJ failed to apply the correct legal standard, the Court addresses it here as an element of its *de novo* review. The record demonstrates the ALJ applied the five-factor test from 20 C.F.R. 404.1520(a). Decision of the ALJ, ECF No. 9-2 PageID.39–40. The ALJ identified the correct legal standard and applied it to his decision-making process.

Moreover, the ALJ did not simply parrot the findings in Dr. Kuiper's report. Rather, the ALJ added additional restrictions to Plaintiff's residual functional capacity (RFC), narrowing the "medium work" designation, based on Plaintiff's other medical conditions:

> [H]e can frequently push and pull with the right (dominant) upper extremity; never climb ladders, ropes, or scaffolds; can occasionally climb ramps and stairs; can occasionally balance, stoop, kneel, crouch, and crawl, can frequently handle, finger, and feel objects with the bilateral upper extremities; must avoid all exposure to vibration; must avoid even moderate use of hazardous, moving machinery; must avoid all exposure to unprotected heights; and is limited to jobs not requiring complex written or verbal communication.

Decision of the ALJ, ECF No. 9-2 PageID.42.

This assessment of Plaintiff's ability to do medium work with additional restrictions is supported by substantial evidence in the record. Dr. Sayyid's report, in the record at ECF No. 9-7, contains a summary describing the abilities of each area of Plaintiff's body. The summaries appear generally to describe normal functioning—Plaintiff has not identified any medical evidence in this report suggesting that he cannot lift 50 pounds. For example, under "Extremities," Dr. Sayyid writes, "There is trace edema of the legs without any signs of DVT, clubbing or muscle wasting. Peripheral pulses are diminished." Under "Dexterity," Dr. Sayyid writes, "Fine and gross dexterity in both upper extremities and the grip in both hands

9

was normal." Accordingly, medical evidence in the record supports the conclusion that Plaintiff has the ability to do medium work, including lifting up to 50 pounds, subject to the restrictions listed above.

Additionally, Plaintiff's Objection to the Report and Recommendation does not dispute the ALJ's characterization of his medical records and the ALJ's conclusion that Plaintiff presented no medical evidence at the hearing—beyond Dr. Sayyid's illegible notation—to support a limitation on lifting that was less than 50 pounds. Indeed, Plaintiff testified that the last job he had, in 2014, required him to lift 50 pounds approximately 100 times per day. ECF No. 9-2 PageID.77. Judith Findora, the government's vocational expert, testified that these job duties are classified as "heavy" exertional level. *Id.* Plaintiff also testified that he was fired from that job for smoking marijuana pursuant to a state medical marijuana card, not because he was physically unable to do the job. *Id.* at PageID.69.

The ALJ reviewed the entire record and the ALJ's decision was based upon substantial evidence in that record. While Dr. Sayyid's hand-written notation—assuming that it limits Plaintiff to lifting either less than 10 pounds or less than 40 pounds—would not by itself support a finding that Plaintiff could perform medium work, Dr. Kuiper's opinion—and the ALJ's decision—were based upon the

record as a whole, not solely on Dr. Sayyid's notation. The substantial evidence standard does not require the Commissioner to show that no reasonable ALJ could have reached the opposite decision, only that a reasonable mind would accept the conclusion the ALJ did reach, based upon the evidence presented. The substantial evidence standard is satisfied here.

Finally, the Court briefly addresses Defendant's Motion for Extension of Time to File Reply to Plaintiff's Objection. Defendant states that it was unable to meet the March 1, 2019 deadline for replying to Plaintiff's Objection because defense counsel was caring for an ill family member. The Court finds good cause shown for an extension of time, so grants the request and accepts Defendant's Reply to Plaintiff's Objection.

### c. Conclusion

In sum, Plaintiff's objection does not warrant declining to adopt Magistrate Judge Stafford's Report and Recommendation. As such, the Court hereby **ACCEPTS AND ADOPTS** Magistrate Judge Stafford's Report and Recommendation (ECF No. 24) as this Court's findings of fact and conclusions of law. Plaintiff's motion for summary judgment (ECF No. 15) is **DENIED**, Defendant's motion for summary judgment (ECF No. 22) is **GRANTED**, and the find-

ings and conclusions of the Commissioner are **AFFIRMED**. Defendant's Motion for Extension of Time to File Reply to Plaintiff's Objection (ECF No. 27) is **GRANTED.**

**SO ORDERED**.

                                      s/Terrence G. Berg
                                      TERRENCE G. BERG
                                      UNITED STATES DISTRICT JUDGE

Dated: March 13, 2019

## Certificate of Service

I hereby certify that this Order was electronically submitted on March 13, 2019, using the CM/ECF system, which will send notification to each party.

                                        s/A. Chubb
                                        Case Manager